Dean A. Reeves (SBN 150558)
  dreeves@afrct.com
ANGLIN  FLEWELLING  RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
Tel.:  (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest,
N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERTO GALDAMEZ, an individual; DINORA GALDAMEZ, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A., NDEX WEST, L.L.C., and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.:  2:13-cv-02106 DSF (Ex)<br><br>[Assigned to the Honorable Dale S. Fischer, District Judge]<br><br>**NOTICE OF MOTION AND MOTION BY WELLS FARGO BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently herewith Request for Judicial Notice and Proposed Order]<br><br>Date:  April 29, 2013<br>Time: 1:30 p.m.<br>Ctrm: 840 |

**TO PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 29, 2013, at 1:30 p.m., in the United States District Court, Courtroom 840, located at 255 East Temple Street, Los Angeles, California 90012, the Honorable Dale S. Fischer presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") will move to dismiss the Complaint.

The following are the grounds for this motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

    1.    First Claim for Relief: Negligent Misrepresentation.

Plaintiffs fail to state a claim for relief because: (i) this state law claim is preempted by the Home Owner's Loan Act ("HOLA"); (ii) Plaintiffs fail to plead the required elements and with the required specificity; (iii) Plaintiffs fail to plead facts sufficient to constitute a claim for relief; (iv) Wells Fargo did not owe Plaintiffs a duty of due care; (v) there is no actual reliance by the Plaintiffs; and (vi) allegations violate the Statute of Frauds.

    2.    Second Claim for Relief: Negligence.

Plaintiffs fail to state a claim for relief because: (i) this state law claim is preempted by HOLA; (ii) Plaintiffs fail to allege facts sufficient to state a claim upon which relief can be granted; (iii) Wells Fargo did not owe Plaintiffs a duty of due care; (iv) Plaintiffs not entitled to loan modification; and (v) Plaintiffs have to standing to enforce provisions of HAMP agreement.

    3.    Third Claim for Relief: Negligent Infliction of Emotional Distress.

Plaintiffs fail to state a claim for relief because: (i) this state law claim is preempted by HOLA; (ii) Wells Fargo did not owe Plaintiffs a duty of due care; and (iii) there is no independent tort for negligent infliction of emotional distress.

2

4.     <u>Fourth Claim for Relief: Violation of Civil Code section 2923.5</u>.

Plaintiffs fail to state a claim for relief because: (i) this state law claim is preempted by HOLA; (ii) Plaintiffs fail to plead a violation of Civil Code § 2923.5; and (iii) Plaintiffs acknowledge that Wells Fargo complied with Civil Code § 2923.5.

5.     <u>Fifth Claim for Relief: Violation of Homeowners Bill of Rights</u>.

Plaintiffs fail to state a claim for relief because: (i) this state law claim is preempted by HOLA; (ii) the statute does not apply; and (iii) Plaintiffs fail to allege facts sufficient to state a claim upon which relief can be granted.

6.     <u>Sixth Claim for Relief: Violation of California Business & Professions Code section 17200</u>.

Plaintiffs fail to state a claim for relief because: (i) the claim is preempted by the HOLA; (ii) the allegations of the complaint fail to plead any unlawful, unfair or fraudulent acts; and (iii) Plaintiffs have no standing to bring the claim.

This motion will be based on this notice, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and exhibits thereto, the documents on file in this action, the argument of counsel, and on such other information as the Court may deem appropriate.

This motion is made following defendant's counsel's meet and confer with Plaintiffs' counsel, pursuant to Local Civil Rule 7-3, on March 25, 2013.

Respectfully submitted,

Dated: March 29, 2013

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN, LLP

By:    <u>/s/ Dean A. Reeves</u>
       Dean A. Reeves
       dreeves@afrct.com
Attorney for Defendant
WELLS FARGO BANK, N.A.

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.......................................... 1

I.      INTRODUCTION.................................................................................. 1

II.     BACKGROUND INFORMATION...................................................... 1

        A.      Subject Loan and Non-Judicial Foreclosure on Property. .................... 1

        B.      History of Wells Fargo's predecessors in interest. ............................. 2

III.    LEGAL STANDARD FOR MOTION TO DISMISS. .................................... 2

IV.     PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY THE
        HOME OWNERS' LOAN ACT.......................................................... 3

        A.      As A Federally Chartered Savings Bank, World Savings
                Operated Under The Home Owners' Loan Act ("HOLA")................. 3

        B.      OTS Regulations Promulgated Under HOLA Preempt Any
                State Laws Which Affect Loan Origination, Disclosures, And
                Lending Regulation........................................................................ 4

        C.      State Laws Preempted By HOLA. ....................................................... 4

        D.      Plaintiffs' contention that Wells Fargo violated Civil Code
                § 2923.5 is preempted. ...................................................................... 5

        E.      Plaintiffs' claim for violations of the newly enacted
                Homeowners' Bill of Rights is preempted. ........................................ 7

        F.      The Application of HOLA Preempts The State Law Claims. .............. 9

V.      WELLS FARGO DID NOT OWE PLAINTIFFS' A DUTY OF
        CARE AND THERE WAS NO ACTUAL RELIANCE............................. 11

        A.      Wells Fargo owed no duty to the Plaintiffs. ...................................... 11

        B.      The claim lacks particularity............................................................ 12

        C.      The claim fails to allege or demonstrate actual reliance.................... 12

        D.      Any alleged oral agreements to refinance or modify Plaintiffs'

loan are unenforceable. ...................................................... 13

VI.    PLAINTIFFS' SECOND CLAIM FOR NEGLIGENCE FAILS ................. 14

       A.    The relationship between Wells Fargo and Plaintiffs does not
             create a duty. ........................................................ 15

       B.    Wells Fargo has no duty to provide Plaintiffs with a loan
             modification. ......................................................... 15

       C.    HAMP agreement violations are not actionable by Plaintiffs. ........... 16

VII.   PLAINTIFFS HAVE FAILED TO ALLEGE ANY LEGAL DUTY
       TO ESTABLISH LIABILITY FOR NEGLIGENT INFLICTION OF
       EMOTIONAL DISTRESS ........................................................... 17

VIII.  PLAINTIFFS' ALLEGATIONS ESTABLISH COMPLIANCE
       WITH CIVIL CODE SECTION 2923.5. ..................................... 18

IX.    PLAINTIFFS FAIL TO ALLEGE AN ACTIONABLE CLAIM
       UNDER THE NEW HOMEOWNER'S BILL OF RIGHTS
       LEGISLATION. ...................................................................... 19

       A.    The Newly Enacted HBOR Does Not Apply Retroactively ............... 19

       B.    Civil Code section 2924.10 ........................................... 20

       C.    Civil Code section 2924(a)(5) ........................................ 21

       D.    Civil Code section 2923.6(c) ......................................... 21

       E.    Civil Code section 2923.7 ............................................. 22

X.     PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF BUSINESS
       AND PROFESSIONS CODE § 17200 FAILS. ................................ 22

1

## TABLE OF AUTHORITIES

2

**Page(s)**

FEDERAL CASES

3

4
*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................ 2, 3, 13

5

6
*Beall v. Quality Loan Serv. Corp.,*
2011 U.S. Dist. LEXIS 29184 (S.D. Cal. Mar. 21, 2011).................................. 6

7

8
*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................... 2, 3

9

10
*DeLeon v. Wells Fargo Bank, N.A.,*
2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011)................................................ 24

11
*DeLeon v. Wells Fargo Bank, N.A.,*
729 F. Supp. 2d 1119 (N.D. Cal. 2010)........................................................ 3

12

13
*DeLeon v. Wells Fargo Bank, N.A.,*
729 F. Supp. 2d 1119 (N.D. Cal. 2010)..................................................... 10

14

15
*Domnie v. Saxon Mortg.,*
2010 U.S. Dist. LEXIS 76816 (N.D. Cal. Jul. 14, 2010) ................................ 16

16

17
*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009)............................................................... 23

18

19
*Loder v. World Sav. Bank, N.A.,*
2011 U.S. Dist. LEXIS 53166 (N.D. Cal. May 18, 2011) ................................ 5

20

21
*Martinez v. Welk Group, Inc.,*
2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011) .................................. 23

22

23
*Melegrito v. CitiMortgage Inc.,*
2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) ................................ 23

24
*Morrison v. Wachovia Mortg. Corp.,*
2012 U.S. Dist. LEXIS 39273 (C.D. Cal. Oct. 2011) .................................. 12, 13

25

26
*Murillo v. Aurora Loan Servs., LLC,*
2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) ................................ 7

27

28

*Nastrom v. JPMorgan Chase Bank, N.A.*,
   2012 U.S. Dist. LEXIS 162958 (E.D. Cal. Nov. 13, 2012) ............................... 14

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F.Supp.2d 1022 (N.D. Cal. 2010).........................................................5, 6, 7

*Odinma v. Aurora Loan Servs.*,
   2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010) ...................................7

*Remo v. Wachovia Mortg.*,
   2011 U.S. Dist. LEXIS 86607 (N.D. Cal. Aug. 5, 2011)......................................5

*Sato v. Wachovia Mortg.*,
   FSB, 2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011)....................5, 10

*Sharma v. Wachovia*,
   2011 U.S. Dist. LEXIS 1736 (E.D. Cal. Jan. 6, 2011)......................................10

*Small v. Mortg. Elec. Registration Sys.*,
   2010 U.S. Dist. LEXIS 97135 (E.D. Cal. Sept. 15, 2000) ................................16

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .............................................................................3

*Taguinod v. World Savings Bank*,
   755 F. Supp. 2d 1064 (C.D. Cal. 2010).................................................................6

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...........................................................................23

*Warner v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 66551 (C.D. Cal. June 21, 2011)..................................16

*Zarif vs. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. Lexis 29867, at * 8, 9 (S.D. Cal. Mar. 23, 2011) ....................10

**STATE CASES**

*Bank of America v. Lamb Finance Co.*,
   179 Cal. App. 2d 498 (1960)..............................................................................14

*Bank of America v. Pendergrass*,
   4 Cal. 2d 258 (1935)...........................................................................................14

*Cel-Tech Comm'cns, Inc., v. L.A. Cellular Tel. Co.*,
    20 Cal.4th 163 (1999) ........................................................................ 23

*Clayworth v. Pfizer, Inc.*,
    49 Cal. 4th 758 (2010) ...................................................................... 24

*Conroy v. Regents of University of California*,
    45 Cal. 4th 1244 (2009) .................................................................... 12

*Conte v. Wyeth, Inc.*,
    168 Cal. App. 4th 89 (2009) .............................................................. 12

*Daro v. Superior Court*,
    151 Cal. App. 4th 1079 (2007) .......................................................... 24

*Eddy v. Sharp*,
    199 Cal. App. 3d 858 (1988) ............................................................. 11

*Hall v. Time, Inc.*,
    158 Cal. App. 4th 847 (2008) ...................................................... 22, 24

*Hellbaum v. Lytton S&L*,
    274 Cal. App. 2d 456 (1969) ............................................................. 16

*Ingels v. Westwood One Broadcasting Services, Inc.*,
    129 Cal. App. 4th 1050 (2005) .......................................................... 23

*Khoury v. Maly's of Cal., Inc.*,
    14 Cal. App. 4th 612 (1993) .............................................................. 22

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) ..................................................................... 22

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) .............................................................. 17

*Lopez v. World Savings & Loan Ass'n*,
    105 Cal. App. 4th 729 (2003) .............................................................. 4

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ............................................... 5, 6, 7, 8

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
    48 Cal. 3d 583 (1989) ....................................................................... 17

*Myers v. Philip Morris Cos., Inc.*,
    28 Cal.4th 828 (2002)................................................................20

*Nat' l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*,
    171 Cal. App. 4th 35 (2009).......................................................11

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
    231 Cal. App. 3d 1089 (1991)..............................................12, 15

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 (1993)..................................................................17

*Saunders v. Superior Court*,
    27 Cal. App. 4th 832 (1994).......................................................23

*Secrest v. Security Nat' l Mortg. Loan Trust*,
    167 Cal. App. 4th 544 (2008)...............................................13, 14

*Software Design and Application Ltd. v. Hoeffer & Arnolt, Inc.*,
    49 Cal. App. 4th 472 (1996).......................................................11

*Thing v. La Chusa*,
    48 Cal. 3d 644 (1989).................................................................17

*Wellenkamp v. Bank of America*,
    21 Cal. 3d 943 (1978).................................................................16

**FEDERAL STATUTES**

12 U.S.C. §§ 1461, et seq. ..................................................................3

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...............................................9, 22, 23

Cal. Bus. & Prof. Code § 17204 .....................................................24

Cal. Civ. Code § 1624 ....................................................................13

Cal. Civ. Code § 1624(a)(6) ...........................................................14

Cal. Civ. Code § 1698.....................................................................14

Cal. Civ. Code §§ 2920.5, et seq. ....................................................19

Cal. Civ. Code § 2922 .................................................................................. 14

Cal. Civ. Code § 2923.5 ........................................................................ passim

Cal. Civ. Code §§ 2923.5 and 2924 *et seq.* ........................................ 8, 19

Cal. Civ. Code § 2923.6 ........................................................ 7, 9, 10, 21, 22

Cal. Civ. Code § 2923.6(c) .................................................................. 19, 21

Cal. Civ. Code § 2923.6(g) ........................................................................ 7

Cal. Civ. Code § 2923.7 .................................................................. 9, 19, 22

Cal. Civ. Code § 2923.7(a) ...................................................................... 22

Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 ................... 8

Cal. Civ. Code § 2924.10 ............................................................... 9, 20, 21

Cal. Civ. Code § 2924.10(a) .................................................................... 19

Cal. Civ. Code § 2924.12(i) ...................................................................... 9

Cal. Civ. Code §§ 2924.12, and 2924.17 .................................................. 8

Cal. Civ. Code § 2924.12(a) .................................................................... 21

Cal. Civ. Code § 2924.12(b) ...................................................................... 8

Cal. Civ. Code § 2924.17 .......................................................................... 9

Cal. Civ. Code § 2924(a)(5) ................................................................ 19, 21

Cal. Civ. Code § 2924f ............................................................................ 21

Cal. Civ. Code § 3281 ................................................................................ 8

**RULES**

Federal Rule of Civil Procedure Rule 9(b) .............................................. 23

**REGULATIONS**

12 C.F.R. § 545.2 ...................................................................................... 4

12 C.F.R. § 560.2 ...................................................................................... 4

12 C.F.R. § 560.2(b) ...................................................................................... 4

12 C.F.R. § 560.2(b)(4) ................................................................................. 5

12 C.F.R. § 560.2(b) (4), (7), (9), (10) ........................................................ 9

12 C.F.R. § 560.2(b)(4) & (10) .................................................................... 10

12 C.F.R. § 560.2(b)(4), and ........................................................................ 10

12 C.F.R. § 560.2(b)(5) ................................................................................. 5

12 C.F.R. § 560.2(b)(9) ................................................................................. 5

12 C.F.R. § 560.2(b)(10) ....................................................................... passim

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ......................................... 4

OTS regulation 560.2(b)(4), (5), (9) and (10) ............................................. 4

1    <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

2    **I.    INTRODUCTION**

3    Despite that Plaintiffs defaulted on their loan obligations in 2010, they seek to

4    prevent the beneficiary of the Deed of Trust, Wells Fargo Bank, N.A. ("Wells

5    Fargo") from completing the non-judicial foreclosure on the subject property, as

6    permitted by the Deed of Trust and statute.  The First Amended Complaint ("FAC")

7    asserts claims against Wells Fargo that are expressly preempted by federal law.

8    Additionally, Plaintiffs attempt to enforce statutory obligations upon Wells Fargo,

9    even though the conduct in question occurred between 2010 and 2012, while the new

10   statutes referenced in the complaint did not go into effect until January 1, 2013.

11   Plaintiffs are essentially attempting to maintain their possession of the subject

12   property without making any mortgage payments, by asserting claims against Wells

13   Fargo that are not legally viable, and fail to provide Plaintiffs with any legitimate

14   basis on which to enjoin the pending foreclosure.

15   Accordingly, Wells Fargo respectfully requests that the Court grant its Motion

16   to Dismiss, in its entirety, with prejudice.

17   **II.    BACKGROUND INFORMATION**

18   **A.    Subject Loan and Non-Judicial Foreclosure on Property.**

19   The subject property is located at 9743 Orion Avenue, North Hills, California

20   (the "Property").  (FAC, ¶ 1.)  On April 13, 2006, Plaintiffs obtained a loan from

21   World Savings Bank, FSB ("World Savings") (Wells Fargo's predecessor in interest)

22   in the amount of $360,000.00.  (FAC, ¶ 2; Request for Judicial Notice ("RJN"), Exh.

23   A.)  A Deed of Trust securing this loan was recorded against the Property with the

24   Los Angeles County Recorder's Office on April 20, 2006.  (RJN, Exh. B.)

25   Beginning in October, 2010, the monthly payments on the loan stopped, and

26   the loan went into default.  (RJN, Exh. C.)  As a result, a Notice of Default was

27   recorded on November 29, 2011.  (RJN, Exh. C.)  A Substitution of Trustee, naming

28   defendant NDEx West, L.L.C., as the new trustee, was recorded on January 5, 2012.

1   (RJN, Exh. D.)  Thereafter, on February 28, 2012, the trustee recorded a Notice of

2   Trustee's Sale.  (RJN, Exh. E.)

3           **B.**    **History of Wells Fargo's predecessors in interest.**

4       Wells Fargo's predecessor in interest and the lender on the subject loan, World

5   Savings, was a federal savings bank.  (*See* Certificate of Corporate Existence issued

6   by the Office of Thrift Supervision ("OTS"), dated April 21, 2006, RJN, Exh. F.)

7   World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007, as

8   shown by a letter dated November 19, 2007 from the OTS.  (RJN, Exh. G.)  Effective

9   November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with

10   the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo

11   Bank, N.A.  These events are confirmed in the Comptroller of the Currency's

12   ("OCC") Official Certification.  (RJN, Exh. H.)

13   **III.**   **LEGAL STANDARD FOR MOTION TO DISMISS.**

14       Although the complaint need not contain detailed allegations, its "[f]actual

15   allegations must be enough to *raise a right to relief above the speculative level* . . . on

16   the assumption that all the allegations in the complaint are true (even if doubtful in

17   fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis

18   added).  In short, it must allege "enough facts to state a claim to relief that is

19   *plausible on its face*."  *Id. at 570* (emphasis added).  The "plausibility" requirement

20   governs complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 883-

21   884 (2009).

22       In determining the "plausibility" of a complaint, the court must first identify

23   which statements in the complaint are factual allegations and which are legal

24   conclusions.  Courts are not bound to accept as true allegations that are legal

25   conclusions, even if cast in the form of factual allegations.  *Ashcroft v. Iqbal*, 556

26   U.S. at 884 .  Second, the court, drawing "on its judicial experience and common

27   sense," must decide in the specific context of the case whether the factual allegations,

28   if assumed true, allege a *plausible* claim.  *Id.*  The plausibility standard is *not* the

1   equivalent to a "probability requirement," but requires more than a mere possibility

2   that the defendant has acted unlawfully.  *Id.*

3        To establish a "plausible" claim, the complaint must contain "more than labels

4   and conclusions" or "formulaic recitations of the elements of a cause of action."  *Bell*

5   *Atlantic Corp. v. Twombly*, 550 U.S. at 555.  "While legal conclusions can provide

6   the framework of a complaint, they must be supported by factual allegations."

7   *Ashcroft v. Iqbal*, 556 U.S. at 884.  Moreover, the factual allegations in the complaint

8   must be sufficient to nudge the plaintiff's "claims across the line from conceivable to

9   plausible . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.  Under the standards

10  adopted by the Supreme Court, in order to be entitled to the presumption of truth, the

11  complaint "must contain allegations of underlying facts to give *fair notice* and to

12  enable the opposing party to *defend itself effectively*."  *Starr v. Baca*, 652 F.3d 1202,

13  1216 (9th Cir. 2011) (emphasis added).

14  **IV.   PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY THE**

15        **HOME OWNERS' LOAN ACT.**

16        **A.   As A Federally Chartered Savings Bank, World Savings Operated**

17             **Under The Home Owners' Loan Act ("HOLA").**

18        Plaintiffs obtained the subject loan from Wells Fargo's predecessor World

19  Savings Bank, FSB in 2006.  (RJN, Exhs. A, B.)  World Savings was a federal

20  savings bank regulated by the OTS.  (RJN, Exhs. E-G.)  As a federal savings bank,

21  World Savings was organized and operated under HOLA.  12 U.S.C. §§ 1461, et

22  seq.[1]

23  _____

24  [1]  HOLA still applies even though World Savings was ultimately merged into Wells Fargo
    Bank, N.A.  *Taguinod v. World Savs. Bank, FSB*, 755 F. Supp. 2d 1064, 1068-1069 (C.D. Cal.

25  2010) ("Wells Fargo's acquisition of World Savings Bank, FSB does not affect the HOLA
    preemption defense because the Complaint only addresses the transaction between Plaintiffs

26  and World Savings Bank, FSB."); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS
    96261, at *8 (C.D. Cal. Sept. 14, 2010) ("Where a national association, such as [Wells Fargo

27  Bank, N.A.], acquires the loan of a federal savings bank, it is proper to apply preemption under
    HOLA."); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010)

28  ("Wells Fargo notes that at the time the loan was to the DeLeons [plaintiff], 'World Savings

**B.**   **OTS Regulations Promulgated Under HOLA Preempt Any State Laws Which Affect Loan Origination, Disclosures, And Lending Regulation.**

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision."  *Lopez v. World Savings & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

Preemption analysis under HOLA first determines whether the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b).  OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  That regulation lists the types of state laws that HOLA preempts.  If the type of state law in question appears on the list, the analysis ends there and the law is preempted.

**C.**   **State Laws Preempted By HOLA.**

Among the regulations that are "so pervasive as to leave no room for state regulatory control" are OTS regulation 560.2(b)(4), (5), (9) and (10).  These regulations preempt state laws that "would impose requirements on federal savings banks regarding":

> **(b)(4)  The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due**, or term to maturity of the loan, including the circumstances under which a loan may be called due

---

Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.").

1   and payable upon the passage of time or a specified event

2   external to the loan; 12 C.F.R. § 560.2(b)(4)

3   **(b)(5) Loan-related fees, including without limitations,**

4   **initial charges, late charges**, prepayment penalties,

5   servicing fees, and overlimit fees; 12 C.F.R. § 560.2(b)(5)

6   **(b)(9) Disclosure and advertising**, including laws

7   requiring specific statements, information, or other

8   content to be included in credit application forms, credit

9   solicitations, billing statements, credit contracts, or other

10   credit-related documents and laws requiring creditors to

11   supply copies of credit reports to borrowers or applicants;

12   12 C.F.R. § 560.2(b)(9)

13   **(b)(10) Processing, origination, servicing**, sale or

14   purchase of, or investment or participation

15   in…**mortgages**; 12 C.F.R. § 560.2(b)(10).

16   **D.   Plaintiffs' contention that Wells Fargo violated Civil Code**

17   **§ 2923.5 is preempted.**

18   Plaintiffs' fourth claim alleges that Wells Fargo "authorized and/or initiated

19   this foreclosure proceeding without first properly notifying Plaintiffs, as was their

20   duty pursuant to California Civil Code §2923.5." (FAC, ¶ 41.) In *Mabry v.*

21   *Superior Court*, 185 Cal. App. 4th 208, 214 (2010), the California Court of Appeal

22   held that a claim under Civil Code § 2923.5 was not preempted by HOLA. Since

23   then, numerous district courts have disagreed. *See*, *e.g.*, *Nguyen v. Wells Fargo*

24   *Bank, N.A.*, 749 F.Supp.2d 1022 (N.D. Cal. 2010); *Remo v. Wachovia Mortg.*, 2011

25   U.S. Dist. LEXIS 86607, at * 16 (N.D. Cal. Aug. 5, 2011); *Sato v. Wachovia*

26   *Mortg.*, FSB, 2011 U.S. Dist. LEXIS 75418, at * 16 (N.D. Cal. July 13, 2011);

27   *Loder v. World Sav. Bank, N.A.*, 2011 U.S. Dist. LEXIS 53166, at * 20 (N.D. Cal.

28   May 18, 2011).

After noting that "several district courts have concluded that § 2923.5 is preempted," the *Nguyen* court held that the plaintiff's claim under that statute and his "claims based on improper foreclosure procedures" were all preempted. *Nguyen*, 749 F.Supp.2d 1033. Similarly, the court in *Taguinod v. World Savings Bank*, 755 F. Supp. 2d 1064 (C.D. Cal. 2010), concluded that "[a] number of federal courts . . . have held that § 2923.5 is preempted by HOLA because it falls squarely within the scope of HOLA's Section 560.2(b)(10), which deals with the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'" *Id*. at 1074. The *Taguinod* court also noted that "[o]nly one California state court has determined that § 2923.5 was not preempted by HOLA." *Id*. at 1073 (*citing Mabry*). However, like the *Nguyen* court, the *Taguinod* court declined to follow Mabry because "it is evident that the overwhelming weight of authority has held that a claim under § 2923.5 is preempted by HOLA." *Id* . at 1074. "This is not a question of interpreting state law, but rather a question of federal preemption. Thus, the Court is not bound by the decision in *Mabry*. Moreover, it is evident that the overwhelming weight of authority has held that a claim under § 2923.5 is preempted by HOLA." *Id*.; *see also Beall v. Quality Loan Serv. Corp.*, 2011 U.S. Dist. LEXIS 29184 (S.D. Cal. Mar. 21, 2011) ("However, this is not a question of interpreting state law, but a question of federal preemption. Thus, despite Plaintiff's suggestion to the contrary, *Mabry* does not bind this Court. Federal courts have consistently held—including after *Mabry*—that HOLA preempts California Civil Code § 2923.5.").

The numerous district court decisions that have dealt with this issue lead to only one conclusion: Plaintiffs' fourth claim for relief based on a violation of section 2923.5 is clearly preempted by HOLA, and thus should be dismissed, with prejudice.

**E.**   **Plaintiffs' claim for violations of the newly enacted Homeowners' Bill of Rights is preempted.**

Plaintiffs' fifth claim for relief is based on an asserted violation of several provisions in the recently adopted California Homeowner's Bill of Rights (HBOR), specifically Civil Code sections 2923.6(c), 2923.7 and 2924.10(a).  (FAC, ¶¶ 47-68.)  According to Plaintiffs, Wells Fargo failed to provide written notice upon receipt of a completed application for a loan modification submitted by Plaintiffs, violated the statutory prohibition against "dual-tracking," and failed to appoint a single point of contact at Wells Fargo to handle the ongoing loan modification discussions.  (FAC, ¶ 48.)  These requirements clearly fall within the ambit of C.F.R. § 560.2(b)(10) concerning the processing and servicing of mortgages and so are preempted.

The HBOR replaces and greatly expands the burdens and remedies set forth in former Civil Code section 2923.5, which also imposed conditions on a lender's ability to foreclose.  As discussed above, District Courts considering that statute generally held that it was preempted, both before and after *Mabry*.  Those holdings are instructive with respect to the application of HOLA to Civil Code 2923.6.

One of the numerous pre-*Mabry* decisions was *Murillo v. Aurora Loan Servs.*, *LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their notice of default."  The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage.  As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA."  *Murillo*, 2009 U.S. Dist. LEXIS 61791, at *11; *See also*, *Odinma v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 28347, at *23 (N.D. Cal. Mar. 23, 2010) (The Court held that a § 2923.5 claim "concerns the processing and servicing of Plaintiff's mortgage and is therefore preempted by HOLA.")

In *Nguyen*, the court relied in part on *Murillo* to find Section 2923.5 to be preempted even after *Mabry*.  749 F. Supp. 2d at 1032-33 (listing the federal district

1   court decisions concluding that Section 2923.5 is preempted because the state law

2   deals with contacting the borrower and requires a specific declaration in the Notice of

3   Default such that it falls squarely within the scope of HOLA's Section 560.2(b)(10)).

4       Given the additional remedies now available to borrowers for alleged

5   violations of the HBOR, a finding of preemption by HOLA is warranted not only by

6   the many previous decisions by the District Courts with respect to section 2923.5, but

7   also by the very holding in *Mabry*.  Prior to January 1, 2013, the *only* remedy

8   available for a violation of the non-judicial foreclosure laws codified under Civil

9   Code §§ 2923.5 and 2924 *et seq*. was equitable relief (*i.e.*, an order enjoining the

10  foreclosure sale (prospectively) or rescinding it (retrospectively)).  There was no right

11  to, for example, a loan modification or monetary damages. *Mabry*, 185 Cal. App. 4th

12  at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA

13  because it was limited to affording borrowers only more time when lenders do not

14  comply with the statute. *Id*. at 226.  Specifically, the *Mabry* court stated "[w]e

15  emphasize that we are able to come to our conclusion that section 2923.5 is not

16  preempted by federal banking regulations because it *is*, or can be construed to be,

17  very narrow."  *Id.* at 231 (emphasis in original).

18      Considering the substantial additional remedies now available for violation of

19  the HBOR, a narrow interpretation cannot possibly save the statute from preemption.

20  *See* Civil Code §§ 2924.12, and 2924.17.  These new remedies are quite unlike the

21  limited relief available under the previous section 2923.5.  For example, Civil Code

22  section 2924.12(b) provides for the imposition of monetary damages against a lender

23  or servicer:

24          A mortgage servicer, mortgagee, trustee, beneficiary, or

25          authorized agent shall be liable to a borrower for actual

26          economic damages pursuant to Section 3281, resulting

27          from a material violation of Section 2923.55, 2923.6,

28          2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that

1                 mortgage servicer, mortgagee, trustee, beneficiary, or

2                 authorized agent where the violation was not corrected

3                 and remedied prior to the recordation of the trustee's deed

4                 upon sale. If the court finds that the material violation was

5                 intentional or reckless, or resulted from willful

6                 misconduct by a mortgage servicer, mortgagee, trustee,

7                 beneficiary, or authorized agent, the court may award the

8                 borrower the greater of treble actual damages or statutory

9                 damages of fifty thousand dollars ($50,000).

10 Additionally, a lender may now be required to pay attorney's fees to a borrower *who*

11 *merely obtained injunctive relief* in an action brought to enforce section 2923.6. Civ.

12 Code § 2924.12(i).

13       Since the remedies that can be imposed for violation of the HBOR exceed a

14 "simple postponement," it cannot escape preemption under HOLA.  Thus, the newly

15 revised and enacted sections 2923.6, 2923.7 and 2924.10 are preempted under federal

16 law and cannot impose any affirmative obligations on Wells Fargo.

17       **F.**    **The Application of HOLA Preempts The State Law Claims.**

18       Plaintiffs' state law claims all contain similar allegations involving preempted

19 areas.  The claims advance some iteration of and alleged duty of care or a violation of

20 a statutory obligation related to Plaintiffs' request for a loan modification or the non-

21 judicial foreclosure on the Property.  Plaintiffs' first three claims, based on

22 negligence, assert that Wells Fargo's conduct constituted a breach of duty allegedly

23 owed to Plaintiffs.  (FAC, ¶¶ 17, 22 and 34.)  The sixth claim alleges a violation of

24 Business & Professions Code section 17200, based on the very same allegations

25 asserted by Plaintiffs in support of their other claims.  (FAC, ¶¶ 70-76.)   All of the

26 foregoing touch on preempted areas including the terms of credit, security property,

27 disclosures, and the processing and servicing of mortgages. 12 C.F.R. §560.2(b) (4),

28 (7), (9), (10).

1    Well-established case law confirms that such claims against Wells Fargo are

2  preempted.  State law claims regarding the processing of a loan modification are also

3  preempted.  For example, in *Sharma v. Wachovia*, 2011 U.S. Dist. LEXIS 1736 (E.D.

4  Cal. Jan. 6, 2011), the plaintiff alleged various state law causes of action against

5  Wachovia Mortgage arising out of, among other things, "Defendant['s] refus[al] to

6  modify the loan."  *Id*. at *2.  Concerning HOLA preemption, the Court ruled: "All

7  four claims are preempted by HOLA.  Each cause of action is based upon allegations

8  pertaining to 'terms of credit', 12 C.F.R. § 560.2(b)(4), and 'processing, origination

9  and servicing, of mortgages,' 12 C.F.R. § 560.2(b)(10).  Because all of Plaintiffs'

10  state claims involve types of law listed in paragraph 560.2(b), all of Plaintiffs' claims

11  are preempted by HOLA and must be dismissed."  *Id*. at *6.  The court granted

12  Wachovia's motion to dismiss with prejudice on the basis of HOLA preemption.

13  Indeed, numerous federal courts have found that HOLA preempts such claims against

14  a lender arising out of the processing of a loan modification application.  *Sato*, *supra*,

15  2011 U.S. Dist. LEXIS 75418, *20 (dismissing claim alleging that lender violated

16  Civ. Code § 2923.6 by failing to modify her loan; claim "clearly falls under the

17  preemption provisions for 'processing, origination, sale or purchase of ... mortgages'

18  and 'terms of credit'" ); *Zarif vs. Wells Fargo Bank, N.A*., 2011 U.S. Dist. Lexis

19  29867, at *8-9 (S.D. Cal. Mar. 23, 2011) ("As currently pled, each of Plaintiffs'

20  claims specifically challenge the processing of Plaintiffs' loan modification

21  application and servicing of Plaintiffs' mortgage, and fall within the specific types of

22  preempted state laws listed in § 560.2(b)(4) & (10).  Accordingly, each of Plaintiffs'

23  claims are preempted by HOLA"); *DeLeon v. Wells Fargo Bank*, N.A., 729 F. Supp.

24  2d 1119, 1126 (N.D. Cal. 2010) (HOLA preempted state law fraud claims related to

25  allegations that plaintiffs "were given false assurances that their loan modification

26  with Wells Fargo would be approved and that there would be no foreclosure while

27  the loan modification process was pending").

28

For each of these reasons, Plaintiffs' state law claims regarding their attempt to obtain a loan modification are preempted by HOLA, and each claim should therefore be dismissed without leave to amend.

## V.   WELLS FARGO DID NOT OWE PLAINTIFFS' A DUTY OF CARE AND THERE WAS NO ACTUAL RELIANCE.

Plaintiffs' claim for negligent misrepresentation is based on the allegation that Wells Fargo "instructed Plaintiffs that it was unnecessary for them to continue making their payments and that they should stop making their monthly mortgage payments if they wanted to be sure to qualify for the loan modification program." (FAC, ¶ 13.)  Additionally, Plaintiffs complain that after being denied a loan modification because their income was too low, an identified Wells Fargo representative stated to Mr. Galdamez that if obtained additional employment "then that would be enough to qualify him for a loan modification." (FAC, ¶ 12.)  After obtaining another part-time job, Plaintiffs allege that they were denied a loan modification "because they had 'too much' income." (FAC, ¶ 14.)  However, these allegations are insufficient to state a claim against Wells Fargo.

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat' l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (citations and internal quotations omitted).  The allegations in the FAC fail to properly plead these elements.

### A.   Wells Fargo owed no duty to the Plaintiffs.

First, Plaintiffs' claim for "negligent misrepresentation" fails for lack of a duty of care.  "The determination of whether a duty exist is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  "[A]bsent a duty, the defendant' s care, or lack of care, is irrelevant," *Software Design and Application*

1   *Ltd. v. Hoeffer & Arnolt, Inc.*, 49 Cal. App. 4th 472, 481 (1996).  A plaintiff who is

2   unable to plead and prove a duty of care by the defendant cannot maintain a

3   negligent misrepresentation claim. *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 109

4   (2009).  Moreover, it is well established that Wells Fargo, a mere lender of money,

5   did not owe the Plaintiffs a duty of due care.   *Nymark v. Heart Fed. Sav. & Loan*

6   *Assn* , 231 Cal. App. 3d 1089, 1096 (1991).  The Plaintiffs have failed to plead the

7   basis for any relationship with Wells Fargo in which a duty would arise.

8            **B.       The claim lacks particularity.**

9            This claim for relief is nothing more than a collection of conclusory

10   allegations with no factual support.  These allegations do not disclose the "who,

11   what, when, where, and how" of the alleged misconduct.

12            **C.       The claim fails to allege or demonstrate actual reliance.**

13            Plaintiffs' claim also fails for an additional reason: they have not shown that

14   they actually and reasonably relied on the alleged misrepresentations, which is an

15   essential element for a negligent misrepresentation claim.  *Conroy v. Regents of*

16   *University of California*, 45 Cal. 4th 1244, 1256 (2009).  "Actual reliance occurs

17   when a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which

18   alters his legal relations,' and when, absent such representation, 'he would not, in all

19   reasonable probability, have entered into the contract or other transaction.'"  *Id.*

20            According to Plaintiffs, in response to Wells Fargo's alleged representations,

21   Plaintiffs stopped making their monthly mortgage payments, and Mr. Galdamez

22   secured additional employment.  (FAC, ¶17.)  Such actions do not establish

23   justifiable or actual reliance by the Plaintiffs.  As explained in *Morrison v. Wachovia*

24   *Mortg. Corp.*, 2012 U.S. Dist. LEXIS 39273 (C.D. Cal. Oct. 2011), plaintiff's

25   reliance on the bank's alleged "advice" was misplaced:

26                       Insofar as plaintiff alleges that she would have timely

27                       paid her mortgage but-for Wachovia's "advice" to fall

28                       behind on her payments in order to secure a loan

modification, her claims are implausible as a matter of

law. *Iqbal*, 129 S.Ct. at 1950 ("Determining whether a

complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to

draw on its judicial experience and common sense.").

*Morrison* , 2012 U.S. Dist. LEXIS at *14-15.

In other words, Plaintiffs' belief that they had to default on their mortgage simply to apply for loan modifications is not plausible. Likewise, Plaintiffs cannot credibly allege that they sustained actual damages as a result of their supposed reliance. Plaintiffs do not even allege that they were even willing or able to continue making their mortgage payments. In fact, Plaintiffs allege that they initially sought out a loan modification in 2010 because they "suffered a dramatic loss of income." (FAC, ¶ 6.) As for Mr. Galdamez seeking additional employment, this can hardly be characterized as conduct that was undertaken to Plaintiffs detriment. The FAC actually states that Mr. Galdamez was previously working two jobs as of early 2010 (FAC, ¶ 10), thus, by securing another job Mr. Galdamez simply returned to the state of employment he was in before defaulting on the loan. Ultimately, the allegations in the FAC make is clear that Plaintiffs current plight is not due to the alleged conduct of Wells Fargo, but rather as result of their shaky financial state.

**D.   Any alleged oral agreements to refinance or modify Plaintiffs' loan are unenforceable.**

Plaintiffs' misrepresentation claim also fails because any alleged oral agreements to refinance or modify Plaintiffs' loan are barred by the statute of frauds and run afoul of the parol evidence rule. Civ. Code § 1624. An agreement that "substitute[s] a new monthly payment for the monthly payment required under the note" or "alters the lender's ability to exercise a right of foreclosure under the note or deed of trust due to the borrower's default" is "subject to the statute of frauds." *Secrest v. Security Nat' l Mortg. Loan Trust*, 167 Cal. App. 4th 544, 553 (2008)

1   (citing Civil Code § 1624(a)(6) and cases in and out of California holding same).

2   "Absent a written agreement to modify the loan, any claim based upon an oral

3   contract to modify the loan is barred by the statute of frauds."   *Nastrom v. JPMorgan*

4   *Chase Bank, N.A*., 2012 U.S. Dist. LEXIS 162958, at *19-*20 (E.D. Cal. Nov. 13,

5   2012) citing *Secrest*, 167 Cal. App. 4th at 552.

6          Consistent with the statute of frauds, the Deed of Trust in this case provides

7   that it "may be modified or amended only by an agreement in writing signed by

8   Borrower and Lender."   (RJN Exh. B, at p. 10, ¶23); *see also* Civ. Code § 1698

9   (contract in writing may only be modified by another contract in writing).

10  Underscoring the importance that the creation or modification of any mortgage

11  agreement be in writing, a separate statute mandates that "a mortgage can be created,

12  renewed or extended only by writing, executed with the formalities required in the

13  case of a grant of real property."  Civ. Code § 2922.  Thus, Plaintiffs cannot alter the

14  plain terms of the loan by alleging that they were promised something else in an oral

15  agreement.  "[I]f the false promise relates to the matter covered by the main

16  agreement and contradicts or varies the terms thereof, any evidence of the false

17  promise directly violates the parol evidence rule and is inadmissible."  *Bank of*

18  *America v. Lamb Finance Co*., 179 Cal. App. 2d 498, 502 (1960); see also *Bank of*

19  *America v. Pendergrass*, 4 Cal. 2d 258, 263 (1935).  Hence, Plaintiffs' claim for

20  negligent misrepresentation based on an alleged oral promise to modify their loan

21  must fail.

22  **VI.   PLAINTIFFS' SECOND CLAIM FOR NEGLIGENCE FAILS**

23          Plaintiffs allege that Wells Fargo "engaged in a repeated and systemic pattern

24  of misconduct and negligence in respect of Plaintiff's [sic] loan modification efforts."

25  (FAC, ¶ 22.)  Additionally, Plaintiffs contend that Wells Fargo "went beyond the

26  traditional role of a lender and therefore owed a special duty of care to Plaintiff."  *Id*.

27  According to Plaintiffs, Wells Fargo "routinely breached that duty by failing to

28  adequately process Plaintiff's loan modification."  *Id*.  None of these allegations

1  support a viable claim for negligence against Wells Fargo.

2        **A.**    <u>**The relationship between Wells Fargo and Plaintiffs does not**</u>

3                  <u>**create a duty.**</u>

4       As noted above, the law on this issue is well established.  As the Court of

5  Appeal explained: "[A]s a general rule, a financial institution owes no duty of care to

6  a borrower when the institution's involvement in the loan transaction does not exceed

7  the scope of its conventional role as a mere lender of money." *Nymark*, 231

8  Cal.App.3d 1089 at 1096.

9       Despite Plaintiffs' bald assertion otherwise, Wells Fargo's conduct referenced

10  in the complaint clearly falls within its "conventional role as a mere lender of

11  money."  The way in which Wells Fargo handles loan modifications falls well within

12  its role as lender.  The review of such applications from borrowers, the determination

13  of eligibility for a modification, the underwriting process associated with

14  modifications, and the terms that are provided when a modification is approved, are

15  all inextricably connected and directed stem from Wells Fargo's capacity as a lender

16  of money.

17        **B.**    <u>**Wells Fargo has no duty to provide Plaintiffs with a loan**</u>

18                  <u>**modification.**</u>

19       Plaintiffs appear to support their negligence claim based upon allegations that

20  they were wrongfully denied a loan modification by Wells Fargo.  (FAC, ¶ 24.)  Even

21  though it was Plaintiffs that sought out a loan modification, and such actions were not

22  required by the lender, Plaintiffs argue that a legal duty was somehow imposed upon

23  Wells Fargo simply "by engaging in loan modification negotiations with Plaintiff

24  [sic]."  (FAC, ¶ 24.)

25       However, Wells Fargo is not obligated to provide Plaintiffs with a loan

26  modification, thus Plaintiffs are not able to assert a negligence claim based on Wells

27  Fargo's refusal to modify their loan.  Plaintiffs' claim is based on the erroneous belief

28  that they are "entitled" to a loan modification with terms that they consider affordable

or "equitable." This is simply not true. A borrower has no right to insist on a change of loan terms after the lender has funded the loan. *See Hellbaum v. Lytton S&L*, 274 Cal. App. 2d 456, 460 (1969); overruled on other grounds, by *Wellenkamp v. Bank of America*, 21 Cal. 3d 943, 977 (1978); *see Domnie v. Saxon Mortg.*, 2010 U.S. Dist. LEXIS 76816, at **4-5 (N.D. Cal. Jul. 14, 2010) (lender had no duty to modify loan). Even if Plaintiffs' loan was eligible for consideration for a loan modification, Wells Fargo ultimately had absolute discretion to deny a modification. Plaintiffs have failed to plead any facts that would establish a legal duty imposed upon Wells Fargo to provide them with a loan modification, or that any modification offered to Plaintiffs had to be equitable.

### C.   HAMP agreement violations are not actionable by Plaintiffs.

Plaintiffs simply cannot maintain any claim based on a purported violation of HAMP. (FAC, ¶25.) Borrowers are not parties or third party beneficiaries to the HAMP agreement between the government and Wells Fargo. *Warner v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 66551, at *10 (C.D. Cal. June 21, 2011). Nor do borrowers have a private right of action to enforce HAMP. *Id.* "In the absence of any indication that Congress intended to create an implied right of action against recipients of TARP funds, courts in this circuit have declined to find an implied right of action for individuals who wish to sue financial institutions." *Small v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 97135, at *22 (E.D. Cal. Sept. 15, 2000).

Therefore, Plaintiffs cannot base a claim of negligence on an allegation regarding the basis on which a loan modification was denied, or the information relied upon by Wells Fargo in making its decision on Plaintiffs' application. Contrary to Plaintiffs' assertion, Wells Fargo owed no duty to Plaintiffs "to properly carry out the HAMP loan modification program." (FAC, ¶25.)

**VII.   PLAINTIFFS HAVE FAILED TO ALLEGE ANY LEGAL DUTY TO ESTABLISH LIABILITY FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**

Plaintiffs' third cause of action fails for the simple reason that there is no independent tort of "negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 984 (1993); *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989). Rather, the tort is negligence and emotional distress is merely an element of damages that may be recovered in certain circumstances. *Thing v. La Chusa*, 48 Cal.3d 644, 647-48 (1989). This cause of action is really one for negligence seeking emotional distress damages. Such a claim must fail because there is no tort duty of care to support it. A discussed above, since Wells Fargo's alleged conduct occurred in its role as a lender of money, the bank does not owe Plaintiffs a duty of care that is required to plead a viable claim for negligence. Plaintiffs' "inability to plead a duty of care on the part of [defendant] precludes his maintenance of a cause of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). Plaintiffs have failed to plead the basis for any relationship with Wells Fargo in which a duty would arise.

Plaintiffs allege that Wells Fargo "owed Plaintiffs a duty of care in the handling of the mortgage and the loan modification process." (FAC, ¶ 34.) According to Plaintiffs, Wells Fargo "breached that duty when they repeatedly mismanaged the Plaintiffs' loan assistance applications and agreement, repeatedly requested Plaintiffs to resubmit identical documents, failed to handle and maintain each of their documents with reasonable care, and assured Plaintiffs that they would continue to work with them in their loan modification efforts." (FAC, ¶ 34.)

The FAC does not contain allegations that would support a finding of a legal duty owed to Plaintiffs by Wells Fargo, or any conduct that would amount to a breach of any such duty. Once again, in the absence of a duty owed by Wells Fargo to Plaintiffs, a cause of action for negligence cannot survive demurrer.

## VIII.  PLAINTIFFS' ALLEGATIONS ESTABLISH COMPLIANCE WITH CIVIL CODE SECTION 2923.5.

In their FAC, Plaintiffs acknowledge that they have "made multiple attempts to modify their loan" with Wells Fargo.  (FAC, ¶ 42.)  Additionally, Plaintiffs have alleged that they submitted their initial application for a loan modification in "early 2010."  (FAC, ¶ 11.)  Plaintiffs were then informed in "mid 2010" that they "did not qualify for a reduced monthly mortgage payments because their income was too low."  (FAC, ¶ 12.)

Despite these allegations of previous contact between Plaintiffs and Wells Fargo regarding a potential loan modification, Plaintiffs attempt to state a claim for violation of Civil Code section 2923.5 by alleging that the contact was not *initiated* by Wells Fargo.  (FAC, ¶ 43.)  However, nowhere in the statute does it require that the contact with the borrower be initiated by the lender.  It simply requires that the contact be made, or the due diligence be completed, before the Notice of Default is recorded.

Here, Plaintiffs allege that their application for a loan modification was submitted and denied by Wells Fargo in "mid-2010," while the Notice of Default was not recorded until November 29, 2011.  (RJN, Exh. C.)  Thus, the allegations in the FAC establish that by reviewing and responding to Plaintiffs' application, Wells Fargo had actual contact with Plaintiffs and complied with the requirement in 2923.5 that the lender "assessed" the borrowers' financial situation and "explored" alternatives to the foreclosure.  While Plaintiffs have attempted to add a requirement for compliance that does not actually exist in the statute, their own allegations establish that Wells Fargo actually satisfied the obligations imposed by section 2923.5.

IX.  **PLAINTIFFS FAIL TO ALLEGE AN ACTIONABLE CLAIM UNDER THE NEW HOMEOWNER'S BILL OF RIGHTS LEGISLATION.**

In their fifth claim, Plaintiffs attempt to plead a violation of the newly enacted provisions in the California Civil Code, commonly referred to as the Homeowner's Bill of Rights ("HBOR").  Cal. Civ. Code §§ 2920.5, et seq.  Plaintiffs allege that Wells Fargo's conduct has violated four different sections of the Civil Code.  (FAC, ¶ 48.)  With respect to the contact between Plaintiffs and Wells Fargo regarding the borrowers' attempt to obtain a loan modification, Plaintiffs claim that they were not provided the required acknowledgement of their application (Civ. Code § 2924.10(a)), did not receive notice that the trustee's sale had been continued (Civ. Code § 2924(a)(5), that Wells Fargo's action violated the ban on "dual-tracking" (Civil Code § 2923.6(c)), and that they were not provided with a single point of contact at Wells Fargo (Civil Code § 2923.7).  Despite these allegations, Plaintiffs have failed to plead a viable claim against Wells Fargo for violation of these new and revised sections in the Civil Code.

### A.  The Newly Enacted HBOR Does Not Apply Retroactively

As noted by the California Department of Justice, Office of the Attorney General[2], the HBOR "became law on January 1, 2013 to ensure fair lending and borrowing practices for California homeowners."  More importantly, the HBOR does not apply to conduct that occurred prior to its effective date of January 1, 2013.  There is no provision in the law stating that its provisions apply retroactively.  Indeed, it would not make any sense for it to apply retroactively because it is meant to supplement and replace specific provisions of Civil Code sections 2923.5 and 2924 *et seq*. that expired on December 31, 2012.  As one recent California Supreme Court case noted:

---

[2] As noted in the accompanying Request for Judicial Notice, the Court may take judicial notice of official press releases from state agencies. *See, e.g., Kagan v. Kearney*, 85 Cal. App. 3d 1010, 1016 (1978).

1                California courts comply with the legal principle that

2                unless there is an express retroactivity provision, a statute

3                will not be applied retroactively unless it is very clear

4                from extrinsic sources that the Legislature ... must have

5                intended a retroactive application.  California courts apply

6                the same general prospectivity principle as the United

7                States Supreme Court.  Under this formulation, a statute's

8                retroactivity is, in the first instance, a policy

9                determination for the Legislature and one to which courts

10              defer absent some constitutional objection to retroactivity.

11              But a statute that is ambiguous with respect to retroactive

12              application is construed ... to be unambiguously

13              prospective.

14  *Myers v. Philip Morris Cos., Inc.*, 28 Cal.4th 828, 841 (2002).

15      Here, almost all the alleged wrongful conduct by Wells Fargo took place prior

16  to January 1, 2013.  Plaintiffs allege that they submitted their application for a loan

17  modification in "early 2010."  (FAC, ¶ 11.)  In "mid 2010," they were informed by

18  Wells Fargo that they did not qualify for a loan modification.  (FAC, ¶ 12.)

19  Therefore, there is no legal basis on which to impose statutory obligations upon

20  Wells Fargo for actions that took place before the statute was even in effect.  The

21  Notice of Default was recorded on November 29, 2011 (FAC, ¶ 7), and the Notice of

22  Trustee's Sale was recorded on March 21, 2012.  (FAC, ¶ 8.)

23      **B.**    **Civil Code section 2924.10**

24      Plaintiffs complain that Wells Fargo failed to provide them with written

25  confirmation after they submitted an application for a loan modification.  (FAC, ¶

26  53.)  However, Plaintiffs fail to allege any specific conduct by them that would

27  trigger the notice requirements set forth in this statute.  Plaintiffs allege that they had

28  loan modification discussions with Wells Fargo back in 2010, but nowhere in the

1  complaint do they allege that they have submitted another complete loan
2  modification after January 1, 2013.  In fact, the allegations that are included in the
3  FAC imply that Plaintiffs are actually referring to conduct that took placed well
4  before the HBOR went into effect.  In the absence of allegations regarding conduct
5  that occurred after January 1, 2013, there is no basis for a violation of section
6  2924.10.  The notice requirements were not applicable to the application submitted in
7  2010.

8  **C.  Civil Code section 2924(a)(5)**

9  The revised portion of Civil Code section 2924(a)(5), requires that, within five
10  business days following the postponement, the borrower be provided with written
11  notice of the new date when the trustee's sale has been continued for at least ten
12  business days.  The statute also states that:  "Failure to comply with this paragraph
13  shall not invalidate any sale that would otherwise be valid under section 2924f."
14  Additionally, section 2924(a)(5), is not included in the list of statutes that permits an
15  action for injunctive relief under the newly enacted legislation.  Civ. Code §
16  2924.12(a).  Therefore, violation of the new notice requirement in section 2924(a)(5)
17  does not provide a basis to provide any relief to Plaintiffs.

18  **D.  Civil Code section 2923.6(c)**

19  As for the dual tracking claim, the notice of default and notice of trustee's sale
20  were recorded in 2011 and 2012.  (RJN, Exhs., C, D.)  The new restrictions imposed
21  under section 2923.6, preclude the lender from recording the Notice of Default or a
22  Notice of Sale before the new requirements regarding loan modification have been
23  satisfied.  Since the foreclosure documents were recorded before the statute was
24  effective, and because Plaintiffs' have not alleged that the trustee's sale occurred in
25  2013, Wells Fargo's conduct cannot constitute a violation of prohibitions against
26  "dual tracking."  Simply setting new dates for the trustee's sale *after* the Notices have
27  already been recorded does not constitute a violation.  Were the Notice of Default and
28

1  Notice of Trustee's Sale were recorded before January 1, 2013, the provisions of

2  section 2923.6 simply prevent the lender or trustee from conducting the sale.

3      **E.     Civil Code section 2923.7**

4      Plaintiffs allege that Wells Fargo has "failed to provide Plaintiffs with one

5  single point of contact ('SPOC') to handle the loss mitigation process."  (FAC, ¶ 64.)

6  The FAC acknowledges that the loss mitigation discussions between Plaintiffs and

7  Wells Fargo commenced back in 2010.  (FAC, ¶ 11.) The FAC also fails to allege

8  any loss mitigation activity that has occurred with Wells Fargo since January 1, 2013.

9  Moreover, Plaintiffs have even failed to allege that they made a request to Wells

10  Fargo for a SPOC.  The statute plainly states that a SPOC must be provided "upon

11  request of a borrower . . ."  Cal. Civ. Code § 2923.7(a).  Without alleging that they

12  made such a request after January 1, 2013, Plaintiffs cannot maintain a claim for

13  violation of this particular provision in the HBOR.

14  **X.    PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF BUSINESS AND**

15       **PROFESSIONS CODE § 17200 FAILS.**

16      Plaintiffs incorporate and repeat the allegations asserted in support of their

17  other claims as the basis for their contention that Wells Fargo's alleged conduct also

18  amounts to "acts of unfair competition."  (FAC, ¶ 70.)  However, an Unfair

19  Competition Law claim requires the pleading of some business practice that is

20  forbidden by law, with particular facts showing ongoing unlawful, unfair, and

21  fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th

22  1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

23  However, as noted above, Plaintiffs' previous claims each suffer from various

24  deficiencies and fail to allege a viable claim for relief against Wells Fargo.

25      There are no allegations that would support the fraudulent prong of the statute.

26  The "fraudulent" prong, post-enactment of Proposition 64, applies where a business

27  act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th

28  847, 849 (2008).  It must be shown that members of the public "are likely to be

deceived." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994).  Further, a plaintiff "must plead a claim for fraudulent behavior under the UCL with particularity as required by Rule 9(b)." *Martinez v. Welk Group, Inc.*, 2011 U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  Plaintiffs fail to satisfy Federal Rule of Civil Procedure Rule 9(b).  The names of the person or persons who allegedly made the fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written are all omitted. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Similarly, Plaintiffs' allegation fails to establish any "unlawful" or "unfair" activity by Wells Fargo.  The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447, at * 24 (N.D. Cal. June 6, 2011).  "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).  The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition."  *Cel-Tech Comm'cns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187 (1999).  Even a cursory review of the FAC reveals that it contains no allegations which constitute either unlawful or unfair practices.

Plaintiffs rely on defective statutory and common law claims in the FAC to support the UCL claim.  As noted herein, all of Plaintiffs' claims are deficient.  Since the UCL claim relies on defective statutory and common law claims, the claims are not saved by recasting them as claims for unfair competition.

In addition, Plaintiffs cannot show that they satisfy the causation requirement of the UCL.  To bring a claim under the UCL, a plaintiff "must have suffered an injury in fact and lost money or property as a result of … alleged unfair or fraudulent

1  practices."  Cal. Bus. & Prof. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th

2  758, 788 (2010).  Plaintiffs cannot make this necessary showing because the ultimate

3  reason for the delinquency was their overreach on loan they could not afford.

4  Plaintiffs opted to seek a loan modification that Wells Fargo did not guarantee and

5  for which they did not qualify.  In a similar situation, *DeLeon v. Wells Fargo Bank,*

6  *N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011), held that the borrowers did not

7  state a claim for violation of UCL:

8               The Court cannot reasonably infer that Wells Fargo's

9               alleged misrepresentations resulted in the loss of

10              Plaintiffs' home.  Rather, the facts alleged suggest that

11              Plaintiffs lost their home because they became unable to

12              keep up with monthly payments and lacked the financial

13              resources to cure the default. Although the Court

14              understands Plaintiffs' frustrations with Wells Fargo's

15              seemingly contradictory statements and actions, it does

16              not appear that this conduct resulted in a loss of money or

17              property.

18  *DeLeon*, at *19-*22.  For the same reasons set forth in *DeLeon*, Plaintiffs fail to state

19  a valid UCL claim.

20              Finally, a "[P]rivate person has no standing under the UCL unless that person

21  can establish that the injury suffered and the loss of property or money resulted from

22  conduct that fits within one of the categories of 'unfair competition'. . ." *Daro v.*

23  *Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007).  Plaintiffs have not alleged,

24  nor have they suffered, an injury in fact or lost money or property as a result of Wells

25  Fargo's alleged unfair competition or unfair business practices.  There is an absence

26  of any causation of actual loss. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 856

27  (2008).  If Plaintiffs suffered any loss it was caused by their failure to repay the loan

28  as promised – not by Wells Fargo's alleged conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  March 29, 2013

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN, LLP

By:      */s/  Dean A. Reeves*
          Dean A. Reeves
          dreeves@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION BY WELLS FARGO BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| | |
|---|---|
| *Counsel for Plaintiffs,*<br>*Roberto Galdamez & Dinora Galdamez:* | *Counsel for Defendant*<br>*NDeX WEST, LLC* |
| Gene W. Choe, Esq.<br>Cindy G. Magana, Esq.<br>LAW OFFICES OF GENE W. CHOE, P.C.<br>3250 Wilshire Boulevard, Suite 1200<br>Los Angeles, CA 90010 | Edward A. Treder, Esq.<br>Masumi Jagdish Patel, Esq.<br>BARRETT DAFFIN FRAPPIER TREDER<br>AND WEISS LLP<br>20955 Pathfinder Road Suite 300<br>Diamond Bar, CA 91765 |
| T: (213) 639-3888 \| F: (213) 383-8280 | T: 626-915-5714  \|  F: 626-915-0289 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 29, 2013.

| | |
|---|---|
| <u>Rachelle Guillory</u> | <u>*/s/ Rachelle Guillory*</u> |
| (Type or Print Name) | (Signature of Declarant) |

1

[TITLE OF PLEADING]

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP